### IRA JONES v. STATE.

No. A-8183.  Sept. 19, 1931.
(3 Pac. [2d] 250.)

O. H. Whitt, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a perod of ten years.

The evidence of the state is that a dance for colored people was being given at the home of Rosie Hayes, in McAlester; that deceased and defendant attended that dance; that defendant was dancing with a colored girl and defendant's wife beame jealous and went over and attacked defendant, and that defendant grappled with her; that deceased undertook to separate these parties and stop the fuss; that deceased caught hold of defendant and attempted to pull him away from his wife, and thereupon defendant drew a revolver he was carrying and shot deceased in the stomach; and that deceased died from the effects of that wound.

Defendant sought to justify the homicide on the ground of self-defense, and testified to facts which, if believed by the jury, might have constituted self-defense.

Some time after defendant's arrest, he made in writing and signed a voluntary statement to the county attorney.   This statement, which was introduced in evidence, contradicted the testimony of defendant on the question of self-defense.

Defendant contends, first, that this evidence is insufficient to support the verdict of the jury.   As usual in trials of this kind, there is a conflict in the evidence.   It was for the jury to determine which of the witnesses they

would believe. There is an abundance of evidence in the record to support the verdict of the jury.

It is next contended that the punishment is excessive. Under the evidence the jury could have found the defendant guilty of murder. For some reason not appearing in the record the jury were merciful. Under circumstances like those revealed by the evidence in this case, ten years' imprisonment in the penitentiary for a young man cannot be said to be excessive.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.